UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,
#181813,

      Plaintiff,                            Civil Action No. 18-CV-11908

vs.                                    HON. BERNARD A. FRIEDMAN

TERESA KIK,

      Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment (docket entry 76). Plaintiff has filed a response. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

Plaintiff, who is proceeding pro se, is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"). He alleges that in July 2017 defendant Kik, an assistant resident unit supervisor at the prison where plaintiff was housed at that time (G. Robert Cotton Correctional Facility, or "JCF") transferred him to another MDOC prison (Lakeland Correctional Facility, or "LCF") in retaliation for plaintiff "quoting policy" to her while attempting to persuade her to process various paperwork related to a lawsuit plaintiff had filed in the Western District of Michigan.[1] As a result of being transferred, plaintiff alleges that he lost a "high paying job" at JCF

_____

[1] Specifically, plaintiff alleges that defendant initially refused to process ten "prisoner to prisoner" mail forms, but she relented when plaintiff called her attention to a certain MDOC policy. Fourth Am. Compl. ¶¶ 18, 27. On another occasion, defendant allegedly initially refused to process mail related to plaintiff's W.D. Mich. lawsuit, but she again relented when plaintiff

and "suffered actual prejudice [to his W.D. Mich. lawsuit] as he was unable to depose Defendant

Dennis Behler, and non-party witness Dr. William Huettner." *Id.* ¶ 37. Plaintiff claims that

defendant violated his First Amendment rights by transferring him in retaliation for "engag[ing] in

protected conduct, consisting of accessing the courts, and the filing of grievances, i.e. attempting

to locate witnesses, and resolving Kik's initial refusal to process 10 [prisoner to prisoner mail forms]

and process [plaintiff's legal mail]." *Id.* ¶ 41.

Defendant argues that she is entitled to summary judgment because plaintiff has no

constitutional right to be housed in any particular prison (and therefore no grounds to object if he

is transferred from one to another) and because the transfer in this case caused him only de minimis

harm. She also claims entitlement to qualified immunity.

The Sixth Circuit has stated that a First Amendment "retaliation claim essentially

entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken

against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that

conduct; and (3) there is a causal connection between elements one and two—that is, the adverse

action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*,

175 F.3d 378, 394 (6th Cir. 1999).

In the present case, the Court shall assume that the first and third elements are

established. Plaintiff alleges that defendant transferred him (or that she played a role in having him

transferred) in retaliation for plaintiff's insistence that she process his prisoner-to-prisoner

---

showed her a policy directive allowing him to send such mail. *Id.* ¶¶ 30-31. On the first
occasion, defendant allegedly admonished plaintiff not to "quote policy" to her because she "did
not like it" and indicated that he may be "transferring soon." *Id.* ¶ 19-20, 26. On the second
occasion, defendant allegedly told plaintiff, "I told you not to quote policy to me, you better pack
your property, I'm riding you out." *Id.* ¶ 32.

communications, and his legal mail, all of which had to do with his efforts to pursue pending litigation. Interpreting plaintiff's allegations in the light most favorable to him, the Court believes he engaged in First Amendment activity by "quoting policy" to defendant under these circumstances, as doing so was related to his right to access the courts.

Nonetheless, plaintiff's claim fails to meet the second element of the *Blatter* test because plaintiff's transfer from JCF to LCF did not constitute "adverse action . . . that would deter a person of ordinary firmness from continuing to engage in that conduct." *Blatter*, 175 F.3d at 394. As the Sixth Circuit has explained,

> [a]lthough transfers to the general population of another prison are not typically adverse actions, *see Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003), such "a transfer can be an adverse action if that transfer would result in foreseeable, negative consequences to the particular prisoner," *Hill*, 630 F.3d at 474, such as making it harder for the prisoner to meet with his lawyer or move him far away from his family, *see Siggers-El v. Barlow*, 412 F.3d 693, 701-02 (6th Cir. 2005); *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009).

*Briscoe v. Mohr*, No. 19-3306, 2020 WL 1813660, at *3 (6th Cir. Mar. 16, 2020). In *Siggers-El*, the Sixth Circuit noted that transferring a prisoner can constitute an "adverse action" that satisfies the adverse action element if, for example, it causes the prisoner to "los[e] his high paying job that he needed in order to pay his attorney, but . . . also ma[kes] it more difficult for his attorney to visit with or represent him because he was moved further away from her." 412 F.3d 693 at 702.

In the present case, plaintiff claims that his transfer caused him to lose his "high paying job" at JCF and this, in turn, prevented him from taking two depositions in his W.D. Mich. case. Fourth Am. Compl. ¶ 45. As noted, plaintiff indicates that he would have deposed defendant Behler and a non-party witness, Dr. Huettner.

The Court rejects plaintiff's suggestion that his alleged inability to depose these

witnesses in his W.D. Mich. case shows that his transfer to LCF constituted adverse action under *Blatter*. The court granted summary judgment for defendant Behler in that case for the following reasons:

> Plaintiff's deliberate indifference claim against Defendants Behler and Johnson is based on Defendants' decision not to order occupational therapy for Plaintiff following his hand surgeries. To support a deliberate indifference claim, Plaintiff has to prove an objective and a subjective component—"both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).
>
> The Sixth Circuit recognizes three categories of claims under the objective component: (1) claims that the inmate did not receive any treatment; (2) claims that the treatment was "so cursory as to amount to no treatment at all;" and (3) claims that despite on-going treatment, the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. (quotation marks and citations omitted). Plaintiff's deliberate indifference claim falls under the third category, as he was receiving on-going treatment for his condition.
>
> Under the third category, Plaintiff "must present enough evidence for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment," including "medical proof that the provided treatment was not an adequate medical treatment of the inmate's condition or pain." *Id*. (quotation marks, alterations, and citation omitted). The magistrate judge determined that the declaration and note from Plaintiff's physician [Dr. Huettner] who performed the hand surgeries was "evidence on which a reasonable trier of fact could find in plaintiff's favor on the objective component of Eighth Amendment claims against PA Behler and PA Johnson." (ECF No. 68 at PageID.861.) Yet, even if the Court agrees with the magistrate judge's finding that Plaintiff has supported the objective component of his deliberate indifference claims against Defendants Behler and Johnson, Plaintiff's claims fail on the subjective component.
>
> "A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment

is insufficient or even harmful." *Rhinehart*, 894 F.3d at 738. There is no dispute that Defendants Behler and Johnson provided on-going treatment for Plaintiff's medical condition, including regular evaluations, pain medication prescriptions, encouraging self-directed physical therapy and range of motion exercises, scheduling a Pain Management Committee evaluation and an orthopedic visit, requesting follow-up appointments with specialists, submitting requests for injections and further procedures, and ordering labs. "When a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted." *Id*. at 743 (quotation marks and citation omitted). Plaintiff has not met the "high bar" of proving that Defendants Behler and Johnson "consciously exposed the patient to an excessive risk of serious harm." *Id*. at 738-39 (quotation marks, citation, and alterations omitted) (emphasis in original). Therefore, Defendants Behler and Johnson are entitled to summary judgment on Plaintiff's deliberate indifference claims.

*Hoffman v. Behler*, No. 1:17-CV-316, 2018 WL 5603533, at \*2 (W.D. Mich. Oct. 30, 2018).

Plaintiff has not explained how any testimony he may have obtained by deposing Behler or Dr. Huettner could have assisted him in countering the court's conclusion. The simple fact of the matter is that plaintiff's deliberate indifference claim had no chance of succeeding because Behler provided plaintiff with extensive care, even if it was not the type of care that plaintiff desired or that Dr. Huettner recommended. Further, even assuming Behler and/or Dr. Huettner possessed information that may have assisted plaintiff in supporting this claim, plaintiff has not shown why he could not have obtained it by using other, less expensive discovery methods.

In short, there is no indication that plaintiff's transfer, and the attendant loss of his high-paying job, resulted in any harm to his deliberate indifference case. The Court concludes that plaintiff's First Amendment retaliation claim fails because plaintiff has not established that his transfer to LCF constituted an adverse action under *Blatter*. Additionally, even if this element were established, defendant would be entitled to qualified immunity, as plaintiff has failed to identify any

case authority clearly establishing that transferring an inmate under the circumstances of this case violated his First Amendment rights.  Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is granted.

s/Bernard A. Friedman
Dated:  May 24, 2021                              BERNARD A. FRIEDMAN
       Detroit, Michigan                      SENIOR UNITED STATES DISTRICT JUDGE